# *Raymond L. Colón, Esquire*

*Attorney and Counselor at Law*
*30 Vesey Street, 15th Floor • New York • New York 10007*
*Phone (212) 964-8030 Fax (646) 219-2999*
*Email: rlcolonesq@aol.com*

*Member New York and New Jersey Bars*

February 17, 2017

VIA ECF
Honorable Kiyo A. Matsumoto
United States District Court Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:    USA v. Paulino Ramirez-Granados
                  Docket No: 0207 1:11CR00557-007

**Sentencing Memorandum**

Dear Judge Matsumoto,

      This Sentencing Memorandum is submitted on behalf of the defendant Paulino Ramirez-Granados. For the reasons set forth below, it is respectfully requested that the defendant be sentenced to the statutory minimum (i.e. 15 years), rather than a guidelines term of incarceration.

**Introduction**

      On June 6, 2016 the defendant pled guilty before your Honor to Count Three (3) of a twenty-one (21) count Indictment. Mr. Ramirez-Granados remains incarcerated since his arrest on March 31, 2015 in Mexico. The Presentence Investigation Report (PSR) has computed the defendant's Total Offense Level at 40. *See* PSR page 25, ¶130, and his Criminal History Category to be Category I. *ld.,* page 26, ¶133. This presumably yields a Guidelines sentencing range of 292 to 365 months. The defendant challenges the Total Offense Level, but concedes the Criminal History Category (I). The defendant submits that the adjusted total offense level should be 37 (i.e. 210-262 months).

**Discussion**

**Post-*Booker* Sentencing**

      The Supreme Court held in *United States v. Booker.* 543 U.S. 220 (2005), that the mandatory nature of the United States Sentencing Guidelines violated the Sixth Amendment. This left 18 U.S.C. § 3553(a) in effect and assigned greater significance to the factors annunciated in that section. The Supreme Court and our Circuit have confirmed that under the advisory Guidelines regime, "a sentencing judge has very wide latitude to decide the proper degree of punishment for an individual offender and a particular crime." *United States v. Cavera,* 550 F.3d 180, 188 (2d Cir.2008); *see also Gall v. United States, 552* U.S. 38 (2007).

The Supreme Court's holding(s) in *Gall* are particularly relevant in this case; wherein the defendant is requesting the mandatory minimum sentence of fifteen (15) years, instead of a guidelines imprisonment range between 292-365 months, ad advocated by the Government. There, the Supreme Court articulated the more reasonable sentencing philosophy:

> As a matter of administration and to secure nationwide consistency, the Guidelines should be the starting point and the initial benchmark. The Guidelines are not the only consideration, however. Accordingly, after giving both parties an opportunity to argue for whatever sentence they deem appropriate, the district judge should then consider all of the § 3553(a) factors to determine whether they support the sentence requested by a party. In so doing, *he may not presume that the Guidelines range is reasonable ... He must make an individualized assessment based on the facts presented.* If he decides that an outside-Guidelines sentence is warranted, he must consider the extent of the deviation and ensure that the justification is sufficiently compelling to support the degree of the variance.

As the leading precedents make clear, *post-Booker,* sentencing courts retain their discretion to depart or vary from the Sentencing Guidelines. The Guidelines have now been replaced by nuanced, individualized assessment, guided by the factors set out in Section 3553(a); the underlying principle is reasonableness and a sentence should not be greater than necessary to achieve its purpose. Finally, and perhaps most critically, the Guidelines are not presumed to be reasonable, and a sentence below the Guidelines range is plainly not defective.

### Factors Warranting a Non-Guidelines Sentence

On April 29, 2010, the U.S. Sentencing Commission submitted to Congress its annual proposed amendments to the U.S. Sentencing Guidelines. Unless Congress intervened, the proposed amendments became effective November 1st. In addition to some miscellaneous and technical amendments, the 2010 amendments proposed changes to the Guidelines, accompanying policy statements, and official commentary sections. Most of the recommended changes could actually reduce penalties and allow more opportunities for probationary sentences.

Two such amendments relate to Chapter Five of the Guidelines, which is the basic framework for determining an appropriate sentence. In proposing the amendment to Part A of Chapter Five, the commission even expanded the availability of alternatives to incarceration.

The second amendment to Chapter Five of the Guidelines relates to Part H, specific offender characteristics. This amendment, which appears to be a response to *Gall v. United States*, replaces the existing introductory commentary with a more detailed framework for courts to utilize when considering specific offender characteristics. Generally, the revised introductory commentary directs courts to consider specific offender characteristics when determining a sentence within the applicable guidelines range and not as a means to assign a sentence outside of the applicable range. The amendment to Part H also removes the previous admonition in several of the substantive provisions that deemed specific offender characteristics not ordinarily relevant. Accordingly, under this amendment, factors such as age, mental and emotional conditions, and physical condition are all relevant in determining whether a departure is warranted. Such a departure, however, is warranted only if these factors are "present to an unusual degree and distinguish the case from the typical cases."

Given the above, a non-guidelines sentence, below the aforementioned range is justified here for several compelling reasons. The first factor is the defendant's extremely low level of formal education (see page 29, ¶153) and admitted illiteracy as noted in the PSR itself. Factor number two, that is not truly reflective of the defendant's early childhood, is the fact that the defendant dropped out of second grade in order to work at the central market; and returned three years later wherein he was socially promoted to the sixth grade. Moreover, during those intervening three years, the defendant lived entirely as a street urchin, without any guidance from his parents. *See United States* v. *Collins,* No. 05 Cr. 1193 (RWS), 2007 WL 1723718, at *6 (S.D.N.Y. Jun. 7, 2007)("pursuant to § 3553(a)(l) and (a)(2)(C) (emphasis added); *see generally United States* v. *Aviles,* No. 02 CR 999,2005 WL 1660621, at *6 (E.D.N.Y. Jul. 12, 2005)("sentencing in this case should focus on the need 'to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.' 18 U.S.C. § 3553(a)(2)(D)").

Thirdly, the defendant submits that the Court should not adopt the Department of Probation's assertion that Mr. Ramirez-Granados in any way forced victim number three (3) to abort her pregnancy, as alleged in page 23, item 100 (and that results in the 3 level enhancement). Notably, the victim's impact statement fails to inculpate the defendant in that concededly terrible trauma.

The fourth factor that the defendant respectfully requests that Your Honor incorporate into the sentencing analysis, is that the defendant's role was far less egregious than co-defendants Eluterio Granados-Hernandez (264 months) and Antonio Lira-Robles (188 months); thus avoiding a sentencing disparity.

The defendant concedes the need for deterrence and the suffering of the victims. However, it is respectfully submitted that a Guidelines sentence would contravene Section 3553(a)'s statutory command that a court "impose a sentence sufficient, but not greater than necessary, to comply with the purposes" of post *Booker* sentencing. Hence, that after *Booker*, the Guidelines calculus can be outweighed by more compelling factors, such as are present here; and the very strong probability that upon his removal from the United States, Mr. Ramirez-Granados will not recidivate.

## Conclusion

In sum, we humbly submit that the Court impose a non-Guidelines (15) year(s) sentence or depart below the applicable Guidelines range.

Respectfully,

/s/

_____

Raymond L. Colón, Esq.

cc: AUSA Soumya Dayanada
　　U.S. Probation Officer Patricia A. Sullivan